IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSALAN RAHIMI,<br><br>            Petitioner,<br><br>    v.<br><br>FERETI SEMAIA, *et al*.,<br><br>            Respondents. | Case No. ED CV 26-00116-DMG (RAO)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.    INTRODUCTION**

On January 11, 2026, Arsalan Rahimi ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against respondents Pamela Bondi, Kristi Noem, Fereti Semaia, and Thomas Giles (collectively, "Respondents"), challenging his detention in Immigration and Customs Enforcement ("ICE") custody. "Pet." [Doc. # 1]. The Court entered an order on January 13, 2026, requiring a response to the Petition. [Doc. # 4.] On January 23, 2026, Respondents filed an Answer ("Answer") to the Petition stating that "Respondents do not have an opposition argument to present." "Ans." [Doc. # 6].

For the following reasons, the Court GRANTS the Petition.

## II. BACKGROUND

Petitioner, a citizen of Afghanistan, was detained at the ICE Processing Center in Adelanto, California ("Adelanto"), at the time the Petition was filed. Pet. ¶ 14. Petitioner entered the United States without inspection on or about January 16, 2025, at or near Nogales, AZ. *Id.* ¶ 25. At or near Nogales, AZ, U.S. Customs and Border Protection detained him shortly after his entry into the United States. *Id.*

Petitioner states that "ICE has attempted to remove Mr. Rahimi to Afghanistan but has been unable to do so for reasons beyond Mr. Rahimi's control." Pet. ¶ 54. Petitioner alleges that he "has fully cooperated with ICE's efforts to remove him from the United States" and "provided all requested information and signed the Afghanistan passport application form." *Id.* ¶ 55. Petitioner further explains that "[d]espite repeated requests, no travel document has issued by the Afghan government to Mr. Rahimi." *Id.* ¶ 56. Petitioner asserts that there is no "established practice for repatriating noncitizens like Mr. Rahimi to Afghanistan as the United States does not recognize Taliban as the official government of Afghanistan, and DHS has not identified any third country that is willing to accept Mr. Rahimi." *Id.* ¶ 57. Petitioner contends that he has been "detained in DHS custody for approximately 11 months after the beginning of the removal period." *Id.* ¶ 58.

In his Petition, Petitioner asserts four claims for relief: (1) that his continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) that his continued detention violates his right to substantive due process; (3) that his continued detention violates his right to procedural due process; and (4) that his continued detention violates ICE's Post-Final-Order Custody Review under 8 C.F.R. § 241.4. Pet. ¶¶ 78–122.

Petitioner seeks, *inter alia*, a writ of habeas corpus directing Respondents to release him from custody immediately, enjoin Respondents from transferring him outside of the jurisdiction of the Central District of California pending the resolution

of this case, declare that his detention violates 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment, enjoin Respondents from re-detaining Petitioner unless a custody hearing is held before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that materially changed circumstances have established that Petitioner is a danger to the community or a flight risk, and award costs and reasonable attorney fees under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504, and 28 U.S.C. § 2412(b), and any other applicable law. *Id.* at 39–40.

On January 23, 2026, Respondents filed an Answer to the Petition stating that "Respondents do not have an opposition argument to present." *See* Ans.

### III. LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

### IV. DISCUSSION

Petitioner argues his detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the United States Supreme Court in *Zadvydas*. Pet. ¶¶ 78–92. The Court agrees.

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. The government therefore may detain individuals outside of the criminal context only "in certain special and 'narrow' nonpunitive 'circumstances.'" *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

  As the *Zadydas* Court noted, Section 1231(a)(6) allows the government to detain certain aliens who have been ordered removed for longer than the 90 days otherwise permitted. *Id.* at 688–89. While the statute itself does not set a maximum length of time for such post-removal detention, a "statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690. Thus, the Supreme Court held that "[t]here is no sufficiently strong special justification here for indefinite civil detention—at least as administered under this statute." *Id.* While there are two permissible goals for *some* post-removal detention—"preventing flight" and "protecting the community," *id.* at 690—these goals do not automatically justify *indefinite* detention. "[T]he first justification—preventing flight—is weak or nonexistent where removal seems a remote possibility at best." *Id.* And the second justification—protecting the community—is "limited to specially dangerous individuals and subject to strong procedural protections." *Id.* In order "to avoid a serious constitutional threat," the Supreme Court interpreted Section 1231(a)(6) such that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. The Supreme Court went on to hold that, after a presumptively reasonable six-month detention period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

  Here, Petitioner's detention is no longer presumptively reasonable under *Zadvydas*. Petitioner has been continuously detained since January 16, 2025. Pet. ¶ 24. Petitioner has therefore been detained for almost twice the time found presumptively reasonable in *Zadvydas*. Petitioner's detention of approximately 11 months is not presumptively reasonable. *Zadvydas*, 533 U.S. at 701.

  Further, Section 1231(a)(6) no longer authorizes Petitioner's detention because there is no significant likelihood that he will be removed in the reasonably foreseeable future. Petitioner explains that "ICE has attempted to remove Mr. Rahimi

to Afghanistan but has been unable to do so for reasons beyond Mr. Rahimi's control." Pet. ¶ 54. Petitioner further asserts that "[d]espite repeated requests, no travel document has issued by the Afghan government to Mr. Rahimi." *Id.* ¶ 56. Petitioner states that there is no "established practice for repatriating noncitizens like Mr. Rahimi to Afghanistan as the United States does not recognize Taliban as the official government of Afghanistan, and DHS has not identified any third country that is willing to accept Mr. Rahimi." *Id.* ¶ 57. There is nothing in the record to suggest any likelihood that Petitioner will be deported to Afghanistan in the reasonably foreseeable future. Petitioner has thus shown there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.

Given that Petitioner has carried his burden, the burden shifted to Respondents to produce evidence showing that Petitioner's removal is significantly likely. *Zadvydas*, 533 U.S. at 701. Here, Respondents conceded that they "do not have an opposition argument to present" at this time. *See* Ans. Because Respondents have not put forth evidence showing that Petitioner's removal is significantly likely, Petitioner's detention is no longer authorized by Section 1231(a)(6), and he must be released. In sum, the Court finds that Petitioner has provided good reason to believe that his removal is not significantly likely in the reasonably foreseeable future and Respondents have failed to rebut that showing. *See Asfestani v. Current or Acting Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement*, No. CV 25-1562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025) (the government's lack of explanation as to the "steps ICE has been taking to attempt to secure petitioner's removal since it redetained him nearly six months ago" indicated that "there [was] no significant likelihood of petitioner's removal in the reasonably foreseeable future").

Petitioner's other claims are rendered moot by the Court's conclusion that Petitioner must be released under *Zadvydas*. The Court therefore does not address

the merits of the other issues presented by the Petition.

## V. ATTORNEY'S FEES

Petitioner requests costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Pet. at 40. The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action. *See* 28 U.S.C. § 2412(d)(1)(B).

## VI. CONCLUSION

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is **GRANTED**. IT IS HEREBY ORDERED THAT:

- Respondents must release Petitioner from custody immediately and must file a notice of compliance with this order, notifying the Court that Petitioner has been released, no later than January 30, 2026;
- While Petitioner is in Respondents' custody, Respondents are ENJOINED from relocating Petitioner outside of the Central District of California pending final resolution of this case; and
- Respondents are ENJOINED from re-detaining Petitioner unless a custody hearing is held before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that materially changed circumstances have established that Petitioner is a danger to the community or a flight risk.

IT IS SO ORDERED.

DATED: January 27, 2026

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE